IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|  |  |  |
|---|---|---|
| JUVENILE COURT OF MEMPHIS AND SHELBY COUNTY, TENNESSEE, | ◊ ◊ ◊ | |
| Plaintiff, | ◊ ◊ | |
| vs. | ◊ ◊ | No. 11-2480-STA-cgc |
| WESLEY HARRIS-BEY a/k/a WESLEY HARRIS, | ◊ ◊ ◊ | |
| Defendant. | ◊ ◊ | |

---

ORDER CORRECTING THE DOCKET
AND
ORDER REMANDING CASE TO JUVENILE COURT

---

On June 13, 2011, Defendant Wesley Harris-Bey a/k/a Wesley Harris filed a Notice of Removal pertaining to a petition filed in the Juvenile Court for Memphis and Shelby County, Tennessee (the "Juvenile Court"). (ECF No. 1.)[1] Defendant paid the civil filing fee. (ECF No. 2.) On June 22, 2011, Defendant filed an amended Notice of Removal. (ECF No. 3.)

The Notice is insufficient to vest this Court with jurisdiction over the matter for several reasons. First, there is no matter pending in the Juvenile Court to which the Juvenile Court is a party. Second, the Notice does not adequately identify the

---

[1] The Clerk is directed to correct the docket to reflect Defendant's alias, which is contained in the body of the Notice of Removal.

case sought to be removed. The Notice identifies two separate cases, bearing docket numbers 16929 and T1600.[2]

Apart from these serious defects, there is no subject-matter jurisdiction over the action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed 2d 391 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a

---

[2]   The Notice states that copies of all pleadings and process are attached, but no attachments to the Notice were filed.

fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act <u>sua sponte</u> whenever a question about jurisdiction arises. See, e.g., <u>Insurance Corp. of Ireland, Ltd.</u>, 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); <u>Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.</u>, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue <u>sua sponte</u>"). A district court may address the issue of subject-matter jurisdiction of a removed case <u>sua sponte</u>. <u>Probus v. Charter Communic'ns, LLC</u>, 234 F. App'x 404, 406 (6th Cir. 2007). Although a district court may not remand a case <u>sua sponte</u> because of a procedural defect in the removal, <u>Page v. City of Southfield</u>, 45 F.3d 128, 132–33 (6th Cir. 1995), a <u>sua sponte</u> remand for want of subject-matter jurisdiction is permitted, <u>Lexington-Fayette Urban County Gov't Civil Serv. Comm'n v. Overstreet</u>, 115 F. App'x 813, 816-17 (6th Cir. 2004).

The Notice states that there is federal diversity jurisdiction. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 89, 126 S. Ct. 606, 613,

163 L. Ed. 2d 415 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also Johnson v. New York, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam); Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); Leys v. Lowe's Home Centers, Inc., 601 F. Supp. 2d 908, 912-13 (W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); Ellis v. Kaye-Kibbey, No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity exists); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (3d ed. 2004).

    The plaintiff in each Juvenile Court case at issue here is the State of Tennessee or the Tennessee Department of Human Services. Defendant is a resident of the State of Tennessee. Defendant asserts that he is "a 'NON-Corporate Entity' of the Republic of Tennessee." (ECF No. 1 at 2.) The allegation that a litigant is a "sovereign citizen" has been repeatedly rejected. See, e.g., United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993) (characterizing litigant's claim that he is "a citizen of the mythical 'Indiana State Republic' and for that reason is an alien beyond the jurisdiction reach of the federal courts" as "a 'shop worn' argument of the tax protester movement"). The Notice does not

adequately allege that Defendant is not a citizen of Tennessee. See, e.g., Capital One Bank v. Glavin, No. 10-cv-617-sic, 2011 WL 1211512, at *1-*2 (W.D. Wis. Mar. 31, 2011); M&I Marshall & Isley Bank v. Glavin, No. 10-cv-616-sic, 2011 WL 322663, at *1 (W.D. Wis. Jan. 31, 2011); Ellena v. Flournoy, Civ. A. No. 92-1263, 1992 WL 234977, at *1 (D.D.C. Aug. 26, 1992).

Federal diversity jurisdiction also requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The general rule is that the sum claimed by the plaintiff is controlling if the claim is apparently made in good faith. St. Paul Mercury Indem. Co., 303 U.S. at 288, 58 S. Ct. at 590 (1938); see also id. at 291, 58 S. Ct. at 591 ("[T]he status of the case as disclosed by the plaintiff's compliant is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove."); Charvat v. GVN Mich., Inc., 561 F.3d 623, 628 (6th Cir. 2009) (same). The Notice of Removal provides no reason to believe that the amount in controversy requirement has been satisfied.

Because this Court lacks subject-matter jurisdiction over the matter, the case is REMANDED to the Juvenile Court. The Clerk is directed to close the case without entry of a judgment.

Pursuant to 28 U.S.C. § 1447(d), orders remanding a case to state court for want of subject-matter jurisdiction are not appealable.

5

The Clerk is directed, pursuant to 28 U.S.C. § 1447(c), to mail a certified copy of this order to the Clerk of the Juvenile Court.

IT IS SO ORDERED this 22nd day of September, 2011.

                                             **s/S.Thomas Anderson**
                                             S. THOMAS ANDERSON
                                             UNITED STATES DISTRICT JUDGE